United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40409
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

JULIO CESAR VASQUEZ-ALEJOS, also known as Andre Maya-Galvan,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:03-CR-898-ALL
--------------------

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Julio Cesar Vasquez-Alejos appeals his guilty-plea
conviction and sentence for being found unlawfully present in the
United States after deportation, following an aggravated felony,
pursuant to 8 U.S.C. § 1326(a) and (b).  Vasquez-Alejos argues,
pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000), that the
"felony" and "aggravated felony" provisions of 8 U.S.C.
§ 1326(b)(1) and (2) are elements of the offense, not sentence
enhancements, making those provisions unconstitutional.  He

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

concedes that this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he raises it for possible review by the Supreme Court.  See United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

Vasquez-Alejos asserts that if Almendarez-Torres is overturned and the decision in Blakely v. Washington, 124 S. Ct. 2531 (2004), is held to apply to federal sentencing guidelines, then his sentence could not be based on facts not admitted by him or found by a jury.  This argument is foreclosed by United States v. Pineiro, 377 F.3d 464, 465-66 (5th Cir. 2004), petition for cert. filed (U.S. July 14, 2004)(No. 04-5263).

AFFIRMED.